**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **LAWRENCE BURFITT,** | CASE NO. 3:25 CV 1732 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MICHAEL JENKINS, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending before the Court in this 42 U.S.C. § 1983 civil rights action is Defendants Michael Jenkins, Lieutenant Henry, and Emily Osborne's Motion to Dismiss. (Doc. 7). *Pro se* Plaintiff Lawrence Burfitt opposes (Doc. 8) and Defendants reply (Doc. 10). Also pending is Plaintiff's Motion to Amend (Doc. 11) which Defendants oppose (Doc. 12). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion to Dismiss and denies Plaintiff's motion to amend.

### BACKGROUND

The facts presented in the Complaint are accepted as true for the purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those facts are as follows.

On January 6, 2025, Defendants Officers Osborne and Henry were "doing a security round." (Doc. 1, at 5-7). Plaintiff was placing his clothes in the washer and "attempted to deprecate [his] grievance about Osborne." *Id.* at 7. Henry "was very confrontational" with Plaintiff in response. *Id.* Plaintiff stated to a fellow prisoner that the officers were "only messing with [him] because [he is] suing [Osborne's] boyfriend." *Id.* Henry then "order[ed] [Plaintiff] to

get on the wall." *Id.* Plaintiff asked him why, and Henry responded that it was for "disobedience of a direct order." *Id.* Plaintiff was then handcuffed and Henry told him he was "going to the hole." *Id.*[1] Plaintiff told Henry he "didn't do anything and mentioned that [he] was expressing [his] protected right." *Id.*

At this point, Henry and "several officers" surrounded Plaintiff and he was taken to segregated housing. *Id.* Henry returned to "doing his rounds in A1-North." *Id.*

On his way to segregation, Plaintiff saw "a mental health lady" and told her he "was going to be suicidal if [he] was going to stay in the hole for nothing." *Id.* Officer Hilton (who is not a named Defendant) told Plaintiff he might just be "going up there for a time out and released after a few hours." *Id.* After he found out he was staying in segregation, Plaintiff asserts he "told them" he was suicidal, but "was ignored by several officers." *Id.* Plaintiff attempted suicide by hanging himself with his pants. *Id.*

Plaintiff further asserts he and Osborne "do not have a good rap[p]or[t] with each other and [she] and [D]efendant [H]enry were motivated to punish [Plaintiff] for suing [Osborne's] boyfriend . . . in the [O]hio Court of [C]laims." *Id.* at 8. He contends "Inspector Michael Jenkins also should be held liable for deliberate indifference for continuously sweeping all the wrongs done by officials under the rug while placing the blame on [Plaintiff]." *Id.* He asserts Jenkins is "very aware of the disdain" between himself and Osborne and that Jenkins "recently became aware of . . . Osborne writing a false conduct report" claiming Plaintiff threatened and stalked her. *Id.*

In the "injuries" section of the form Complaint, Plaintiff cites "[e]xtreme so[re]ness and redness from hanging [him]self by the neck as well as mental flashbacks." *Id.* at 6. In the relief

---

1. "The hole" is slang for segregated housing.

requested, Plaintiff seeks compensatory damages as well as a replacement mouthguard and retainer he contends Osborne "took . . . from [him] as contr[a]band and gave [him] a ticket for it despite . . . having it since 2014." *Id.* Plaintiff further requests Defendants be demoted or terminated. *Id.*

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

*Pro se* pleadings are held to less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d

3

567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Retaliation

Defendants contend they are entitled to dismissal of Plaintiff's retaliation claims.

It is well-settled that "a prison official may not retaliate against inmates for engaging in protected conduct." *White v. Trapp*, 93 F. App'x 23, 28 (6th Cir. 2004). For a plaintiff to succeed on a claim of retaliation, he must show: "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

"Protected conduct" includes things such as a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000). But "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state a . . . claim.'" *Harbin–Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Guttierez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

4

*Henry*

Considering the allegations of the Complaint and making all reasonable inferences in Plaintiff's favor as the Court must at this juncture, the Court finds Plaintiff has plausibly alleged a retaliation claim against Henry.

Verbal complaints are protected conduct. "An inmate has a right to file 'non-frivolous' grievances against prison officials on his own behalf, whether written or oral." *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *see also Mack v. Warden Loretto FCI*, 839 F.3d 286, 298-99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *Pasley v. Conerly*, 345 F. App'x 981, 984-85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by threatening to file a grievance).

Here, Plaintiff's Complaint alleges he attempted to share a grievance with Henry about Osborne. (Doc. 1, at 7). It further alleges Henry quickly took an adverse action, ordering Plaintiff to "the hole." *Id.*[2] Transfer to segregated housing can amount to an adverse action. *See Hill v. Lappin*, 630 F.3d 468, 474-75 (6th Cir. 2005). The alleged close temporal relationship between Plaintiff's conduct and Henry's action is enough to create an inference of retaliatory motive, at

---

2. Defendants argue that "there are no facts in the Complaint suggesting that any Defendant was personally involved in placing Plaintiff in the hole . . . ." (Doc. 7, at 5). But the Complaint does plausibly allege that Henry gave the order for Plaintiff to be so placed even if he did not physically accompany Plaintiff there.

least at this stage of the case. *See Maben*, 887 F.3d at 268 (citing *King v. Zamiara*, 680 F.3d 686, 695-96 (6th Cir. 2012)).[3]

*Osborne*

As to Osborne, in the fact section of the Complaint, Plaintiff alleges only that (1) Osborne was performing a security round with Henry; (2) Plaintiff complained about Osborne out loud; (3) he and Osborne "do not have a good rap[p]or[t]" with each other; and (4) Osborne was "motivated" to punish Plaintiff for suing Plaintiff's boyfriend, citing a 2024 case number associated with an Ohio court proceeding. (Doc. 1, at 7-8). These facts do not establish a plausible retaliation claim as to Plaintiff's ultimate placement in "the hole," as there are no facts connecting Osborne to that adverse action.[4]

In a different section of the Complaint, Plaintiff alleges Osborne (1) took his mouthguard and retainer and gave him a ticket for it and (2) causes "cha[]os among [Plaintiff] and others." *Id.* at 6.

Filing a lawsuit is protected conduct. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 396 n.12). The confiscation of property (which Plaintiff's Complaint asserts was a "medical device" and that he had possessed for over ten years) is sufficient to allege an adverse action at this early stage. *See Platz v. Dempsey*, 2025 WL

---

3. Although the Complaint also alleges Henry told Plaintiff he was being punished for "disobedi[e]nce of a direct order," Plaintiff states he told Henry he "didn't do anything and mentioned that [he] was expressing [his] protected right." (Doc. 1, at 7).

4. To the extent Plaintiff's opposition brief contains facts not contained in the Complaint, those facts are not properly before the Court. *See Leeper v. HealthScope Ben.*, 2020 WL 1290089, *11 (S.D. Ohio) (noting "[a] motion to dismiss tests the sufficiency of the complaint, not additional facts that are set forth in response to a motion to dismiss" and finding "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal quotations omitted); *see also Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 399 (6th Cir. 2013) (citations omitted) (noting the appropriate method to add new factual allegations is not via a brief but by filing an amended complaint).

1799317, at *5 (E.D. Mich.) ("Plaintiff alleges at least one instance of a sufficiently adverse action: that Dempsey confiscated his property that had not previously been considered contraband.") (citing *Maben*, 887 F.3d at 267). And, although "[c]onclusory allegations of retaliatory motive 'unsupported by material facts [are] not sufficient to state . . . a claim under § 1983,'" *Harbin-Bey*,420 F.3d at 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)), Plaintiff's here alleges Osborne was "motivated" to punish him because he filed a lawsuit against her boyfriend, *see* Doc. 1, at 7. This meets the plausibility standard for the element that "the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X*, 175 F.3d at 394. Thus, the Court finds Plaintiff has pled a plausible retaliation claim against Osborne for the confiscation of his mouthguard/retainer.

### *Jenkins*

Plaintiff's Complaint pleads no facts suggesting Jenkins had any personal involvement in any specific adverse actions alleged in the Complaint. Thus, Jenkins is entitled to dismissal of any purported retaliation claim against him.

### Deliberate Indifference

Plaintiff also asserts a deliberate indifference failure to protect claim against Jenkins. Under the Eighth Amendment, "[a] prison official's duty is to ensure 'reasonable safety.'" *Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). To state a failure to protect claim, an inmate must allege the prison official acted with "deliberate indifference" to a "substantial risk of serious harm." *Zakora v. Chrisman*, 44 F.4th 452, 468 (6th Cir. 2022) (quoting *Farmer*, 511 U.S. at 828). A viable claim requires the plaintiff to allege facts showing "(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Id.* (quoting *Bishop v. Hackel*,

7

636 F.3d 757, 766 (6th Cir. 2011)). To state a § 1983 claim against individual defendants, a plaintiff must allege each defendant personally participated "in the unconstitutional action" in some way. *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490 (6th Cir. 2020); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Sexton v. Cernut*o, 18 F.4th 177, 185-86 (6th Cir. 2021) (holding a plaintiff must show each defendant played an "active role" in the alleged constitutional violation to be held liable under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("This court has held that § 1983 liability must be based on more than *respondeat superior*, or the right to control employees.").

To hold a supervisor liable based on supervisory conduct, the individual must have "implicitly authorized, approved or knowingly acquiesced in" the misconduct in a manner demonstrating their own deliberate indifference. *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)). A supervisor's "mere failure to act" generally will not suffice. *See id.* (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)).

> The factual allegations against Jenkins in Plaintiff's Complaint are, in full:
>
> Inspector Michael Jenkins also should be held liable for deliberate indifference for continuously sweeping all the wrongs done by officials under the rug while placing the blame on me. Inspector Jenkins is very aware of the disdain between myself and Osborne. Inspector Jenkins just recently became aware of [D]efendant Osborne writing a false conduct report on me. In detail of her false report she claims that I threatened and stalked her.

(Doc. 1, at 8).

These allegations do not state a deliberate indifference failure to protect claim. There are no allegations suggesting that Jenkins knew of and disregarded any risk to Plaintiff's safety. Although the Complaint generally alleges Plaintiff notified unidentified officials that he was

8

suicidal, nowhere are these claims factually connected to Jenkins. Nor does Plaintiff plead facts that connect Jenkins to the decision to send him to segregated housing.

Further, to the extent Plaintiff attempts to bring a claim against Jenkins for his failure to investigate Plaintiff's grievances against Osborne or others, he cannot do so. Plaintiff "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).

The Court therefore grants Defendants' Motion to Dismiss Plaintiff's deliberate indifference claim against Jenkins.

Motion to Amend

Five months after Plaintiff filed his original Complaint and several weeks after Defendants' Motion to Dismiss became decisional, Petitioner filed a Motion to Amend Complaint. (Doc. 11). Defendants oppose (Doc. 12). In his Motion, Plaintiff asserts, upon review of the original Complaint, he "noticed elements" he should have added, and his requested compensation "has changed slightly." *Id.* at 1. He further contends that Osborne, in January 2026, "just gave [him] two fabricated conduct reports." *Id.* Plaintiff attaches two conduct reports but does not otherwise attach a proposed amended complaint or elaborate on the facts he wishes to add. He simply asserts: "Therefore I wish to supplement and amend my current complaint to further substantiate how prison officials keep retaliating against me." *Id.* at 2.

Where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the "court should freely give leave when justice so requires," Federal Civil Rule 15(a)(2) provides

9

that leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perkins v. Am, Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Moreover, the Sixth Circuit has explained that "[i]n order to be granted leave to amend, a party must provide specific facts to support a claim." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).

Plaintiff's statements that he "noticed elements" he should have added, and his requested compensation "has changed slightly" (Doc. 11, at 1) do not "provide specific facts to support claim," *Durante*, 201 F. App'x at 344. Nor does Plaintiff's attachment of two conduct reports dated more than one year after the events described in his original Complaint demonstrate a proper basis for amendment. Plaintiff's' request for leave to amend is therefore denied.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART as set forth herein; and it is

FURTHER ORDERED that Plaintiff's Motion to Amend (Doc. 11) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2026

10